

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:CLF/AK    *271 Cadman Plaza East*
F.#2009R00139    *Brooklyn, New York  11201*

October 3, 2010

**Via ECF and Hand Delivery**

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. C.R.
         Criminal Docket No. 09-155 (JBW)

Dear Judge Weinstein:

    The government submits this letter to address two issues that have been recently raised in connection with the hearing scheduled to commence on October 7, 2010.

    First, on September 27, 2010, defense counsel submitted a prehearing memorandum which refers extensively to a psychological examination and report completed by defense expert Dr. Robert Prentky.  Additionally, by letter dated September 28, 2010, the defense provided notice that it intends to call Dr. Prentky as an expert witness at the hearing, to testify regarding the defendant's psychiatric condition, his current developmental maturity, his developmental maturity at the time of the offense, the suitability of various treatment plans for the defendant, and whether the defendant is a sexually dangerous person.  The defense previously indicated that a copy of Dr. Prentky's report would be provided no later than October 1, 2010.  A copy of this report has yet to be disclosed to the government as of October 3, 2010, and the hearing is scheduled to commence on October 7, 2010.  The government respectfully submits that the defense should not be permitted to file Dr. Prentky's report or present his testimony at the hearing regarding his examination of the defendant, unless the government has been provided at least one week's notice to review Dr. Prentky's report.

Second, the defense has raised, for the first time during the afternoon of October 3, 2010, an untimely and frivolous objection in connection with the hearing. Specifically, on October 3, 2010, the defense indicated that it objects to the government's experts conducting any psychological or neuropsychological examination of the defendant. This objection flies in the face of the Court's June 3, 2010 Order, and statements during the June 10, 2010 status conference, regarding the need for the parties to conduct psychological and neuropsychological examinations of the defendant.

The government cannot conduct a proper risk assessment or neurological examination in this case unless the defense makes the defendant available for the examination. Furthermore, over the past four months, the government and defense have had numerous discussions about the need for psychological and neuropsychological examinations to be conducted by experts from both parties. No objection was ever raised, or even indirectly suggested, by the defense, during any of these discussions. The defense's meritless last-minute objection clearly defies both the letter and spirit of the Court's numerous orders in this case, and should be denied.

Additionally, as a matter of fairness, the defense should not be permitted to file a report or make any presentation at the hearing regarding Dr. Prentky's examination of the defendant, unless the government has an equal opportunity to examine the defendant.

    Respectfully submitted,

    LORETTA E. LYNCH
    United States Attorney

By: __/s/_____
    Ali Kazemi
    Assistant U.S. Attorney
    (718) 254-6171

By: __/s/_____
    Chantel Febus
    Department of Justice
    Criminal Division
    (202) 514-6715

cc: Sanford Talkin, Esq. (Via Email)
    Louis Freeman, Esq. (via Email)
    Deirdre von Dornum, Esq. (via Email)