## MEMORANDUM
## TO THE HONORABLE JACK B. WEINSTEIN
### Senior United States District Judge

Reference is made to Your Honor's recent inquiry regarding information on the treatment and supervision of offenders convicted of Possession of Child Pornography under supervision in the Eastern District of New York (EDNY). By way of background, the sex offender specific caseload was created in the Eastern District of New York, within the Supervision Division in November 1998, due to the increase of sex offender registration laws and offenders convicted of sexual offenses entering the federal criminal justice system. Prior to the establishment of the sex offender caseload, sex offenders were assigned to a mental health caseload, where the officer supervised offenders with a myriad of mental health disorders. The department created a second sex offender specific caseload in 2001, to address the supervision of sexual offenders on Long Island. Finally, in 2003, the department created the Sex Offender Unit, which currently consists of a Supervisory U.S. Probation Officer, a Senior U.S. Probation Officer, two U.S. Probation Officers (one based in our Brooklyn office and the other working out of the Central Islip Courthouse), and the department's CyberCrime Specialist. The unit is responsible for supervising all registered sexual offenders convicted of a federal and/or military sex offense, as well as those federal offenders who have been convicted of a previous sex offense on the local level and lastly those offenders who have a history or pattern of sexually deviant behavior. It is noted that over the years, our department has utilized the Containment Approach Model to supervise and treat convicted sex offenders. This model, endorsed by the Administrative Office of the Courts, American Probation and Parole Association, and Alliance for the Treatment of Sexual Abusers (ATSA), requires a collaborative approach wherein information is shared amongst supervising officer, treatment provider and polygraph examiner in an effort to establish the most effective treatment and supervision plan.

The Sex Offender Unit is currently supervising 70 sexual offenders, 55 of which are registered sex offenders in New York State. Of these 70 offenders, 36 were convicted of a child pornography offense[1] (this includes possession, receipt, and/or transmission of child pornography images). Out of the 36 child pornography offense convicted currently under supervision, 9 have admitted to prior sexual contact of a minor[2] through the use of clinical polygraph and/or self report (during the term of supervision). We note that 4 out of the 36 child pornography offenders currently on supervision have yet to undergo a sexual history polygraph due to their early stages of treatment, hence the extent of their abuse remains unknown.

---

[1] For the purposes of this memorandum, the probation department has included only those offenders convicted of a child pornography offense. We note that there are those occasions where child pornography is traded or found in connection with an investigation, although the offender was not convicted of a child pornography offense. Those cases were not included in this data.

[2] The probation department utilizes the New York State Penal Law definition of sexual contact. "Sexual contact" means any touching of the sexual or other intimate parts of a person not married to the actor for the purpose of gratifying sexual desire of either party. It includes the touching of the actor by the victim, as well as the touching of the victim by the actor, whether directly or through clothing.

The following statistics were obtained from the 36 child pornography offenders we are currently supervising: 5 offenders are between the ages of 60-69 (2 have reported sexual contact with a minor prior to the term of supervision); 8 offenders are between the ages of 50-59 (2 have reported sexual contact with a minor prior to the term of supervision); 9 offenders are between the ages of 40-49 (3 have reported sexual contact with a minor prior to the term of supervision); 9 offenders are between the ages 30-39 (1 has reported sexual contact with a minor prior to the term of supervision); and 5 offenders are between the ages of 20-29 (1 has reported sexual contact with a minor prior to the term of supervision).

The probation department is currently supervising 3 offenders convicted of a child pornography



offense who are under the age of 26. We currently have no females under sex offender specific supervision. It is interesting to note that to date, the department has only knowingly supervised 1 female who was convicted of a sex offense (she was convicted of Possession of Child Pornography and successfully completed her term of release). The remaining 34 sex offenders currently under our supervision have been convicted of a variety of sex offenses including, but not limited to: Coercion and Enticement; Rape; Sexual Abuse of a Minor; Sexual Abuse of a Ward; Traveling Interstate to Engage in Sexual Activity with a Minor; Promoting Prostitution; and Failure to Register as a Sex Offender.

Since 1999, the unit has supervised approximately 280 registered and non-registered sex offenders,



108 of which were convicted of a child pornography offense as previously defined. Approximately 20% of the 108 child pornography offenders supervised by this office disclosed a prior victim (sexual contact with a minor that occurred before the term of supervision which was never reported to law enforcement or another treatment agency) either via clinical polygraph examination or self report during the term of supervision. It is the policy of the probation department and treatment provider to advise offenders that any such disclosure will not be used against them for the pursuit of new criminal charges, so long as they do not provide identifying information. As such, they are encouraged to <u>only</u> report the age, gender, and details of the sexual contact in an effort to gain the offender's trust and provide the basis for continued honesty in treatment. Much to the credit of our supervising officers and treatment providers, we have had only 1 known offender convicted of child pornography offense who committed a new sexual contact offense while under the supervision of this department, which we are aware of. This offender admitted to current sexual contact of a 9 year old female family member during a polygraph examination. The information was subsequently confirmed through investigation by our department and the Suffolk County Police Department. The offender, who was 36 years of age at the time of the new criminal conduct, was prosecuted by local authorities and had his supervision revoked in this district. He is currently serving his second term of supervised release with our district.

Although only 1 known offender convicted of a child pornography offense under our supervision



**1999-2010**
**Sex offenders under supervision of Eastern District of New York**

- non child pornography sex offenders under supervision: 172
- child pornography convicted sex offenders (no sexual contact admission): 86
- child pornograpy convicted sex offenders (with sexual contact admission): 22

280 total offenders

has committed a new sexual contact offense with a minor, it is imperative to point out that this population has its share of non-compliance. This is evident by the fact that out of the 108 offenders convicted of a child pornography offense, approximately 244 instances of non-compliance or requests for modifications were reported to the Court since 1999. This number is consistent with the probation department's belief in graduated sanctions and the fact that successful sex offender supervision relies heavily on responding to all levels of non-compliance. Furthermore, of the 108 offenders under our supervision convicted of a child pornography offense since 1999, 14 had their supervision revoked (12.9%) and 3 of the offenders had multiple terms of supervision revoked.



As mentioned above, since the inception of the sex offender specific caseload, the probation department has utilized the Containment Approach in an effort to minimize risk to the community, while providing treatment to the offender.  "This approach rests on the dual premise that sex offenders are one hundred percent responsible for the damage they inflict on others and that they must constantly and consistently be held accountable for their inappropriate thoughts, feeling, and illegal actions." (English, Pullen, Jones, & Krauth, 1996).  The three central components of the Containment Approach are as follows: 1) Internal Control - control over inappropriate sexual impulses, feelings, and behaviors through offense specific treatment and a variety of psycho-educational and behavior modification techniques; 2) External Control - provided by the criminal justice system through the use or threatened use of sanctions to ensure compliance with the conditions of supervision; 3) Clinical Polygraph Examinations - used as a monitoring tool to combat the offender's reluctance to disclose the information necessary for effective monitoring.  The goal of the polygraph exam is not for the offender to fail, but rather pass, meaning proper disclosure was made. (English, Pullen, Jones, & Krauth, 1996)  This in turn will increase the likelihood that the appropriate treatment and supervision plan will be developed and implemented.  Offenders enrolled in sex offender specific treatment through our department are required to undergo a sexual history polygraph examination no later then 4 months after the commencement of treatment.  This examination is followed by maintenance examinations to ensure honesty in treatment and compliance with the conditions of supervision.  These examinations are usually given to an offender every 6 months during the term of supervision.

Officers are selected for the unit on a competitive basis.  Emphasis is placed on field work, desire and emotional ability to work with this unique population and familiarization with the Containment Approach.  The unit receives extensive on the job training conducted by the supervisor and senior officer.  Additionally, officers routinely attend training in the field of sex offender treatment and supervision.  Over the years officers have attended national training with the Alliance for the Treatment of Sexual Abusers (ATSA), the New York State Alliance for the Treatment of Sexual Abusers (NYATSA), Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART) Office, as well training with the Administration for Child Services (ACS), Coalition Against Child Abuse and Neglect (CCAN), and the Federal Bureau of Investigation (FBI).  Officers are current members of the EDNY Sex Offender Task Force, which provides a forum for inter-agency collaboration.  Finally, several officers have been recognized both internally and externally for their work with sex offenders.  Specifically, 3 officers have been honored with the distinguished "Champion for Children" award presented by the Parents for

Megan's Law.

In 2009, the probation department solicited vendors for sex offender treatment through the Metro Newspaper and Fedbiz-ops. The only response to New York City solicitation came from New York Forensic. On Long Island, the probation department received responses from both New York Forensic (Great Neck office) and First Light Psychological Services (Farmingdale). As such, contracts were awarded to New York Forensic (both Brooklyn and Long Island) and First Light Psychological Services (Farmingdale).

New York Forensic has been working with the probation department and our sex offender population for the last ten years and currently treats the bulk of our sexual offenders. New York Forensic offers a wide variety of mental health services. Therapists are well equipped to treat mental health issues such as depression and anxiety, while also addressing an offender's deviant sexual behavior. Individual sessions can be increased or dedicated solely to addressing an underlying mental health issue or illness before delving into the criminal sexual behavior. Psychopharmacologic treatment is also available and can be instituted as part of an individual's treatment program.

New York Forensic is currently treating 42 sex offenders under the supervision of the EDNY. It is noted that New York Forensic also treats sexual offenders referred from the Southern District of New York, in addition to local community correctional agencies, such as the New York City Probation Department. Of our 42 offenders, 34 were convicted of a child pornography offense. These offenders are required to attend both weekly group and individual treatment sessions. Currently, there are 5 sex offender specific groups being run by New York Forensic on a weekly basis. According to New York Forensic, their Sex Offender Treatment Program includes individual therapy and psycho-educational groups which stress personal responsibility and focus on increasing self-awareness, developing self-control, facilitating victim empathy and relapse prevention. Consistent with the "containment approach model," New York Forensic believes that it is essential that the treating clinician, referring party, probation officer and the Court remain in regular contact in order to promote optimal client attendance and compliance with treatment. Clinical polygraph is used on an intermittent basis throughout the course of treatment to assist the patient and clinician in formulating and instituting a treatment plan that reflects the reality of each patient's pattern of offending behavior.

Program coordinator, Jennifer McCarthy, Ph.D., advises that there are currently 5 staff members assigned to sex offender specific therapy (2 males therapists and 3 female therapists). 4 out of 5 of these therapists currently have their Ph.D. in Psychology, while the 5th member is in the process of obtaining same. Therapists consistently meet with the program coordinator to discuss specific cases. Both the probation department and program coordinator encourage therapists to attend training and continue their development in the field of sex offender treatment. According to Dr. McCarthy, there is currently no treatment regiment dedicated specifically to the child pornography offender. Thus, this particular type of offender participates in sex offender specific treatment, with emphasis placed on the details of the instant offense and the offender's sexual experiences and background. As such, treatment is individualized to meet the cognitive and emotional needs of the offender. Risk factors are discussed in treatment and relayed to the supervising officer and polygraph examiner in an effort to modify behavior and identify triggers. All offenders entering the program are assessed to ensure they possess the cognitive skills and maturity to participate in a sex offender group.

Dr. McCarthy states that several studies were presented at this year's national ATSA conference on the topic of child pornography offenders and recidivism rates. One such study due to be published by the end of the year, suggest "anywhere between 0% and 50% of child pornography offenders report a history of having sexual contact with minors. Despite this, however, we cannot assume that these offenders will engage in sexual contact with minors in the future as the research in this

area informs that child pornography offenders, as a group, are low risk, to recidivate with a contact offense." (Eke, Seto, & Williams, in press)  She further advises that some variables have been found to be predictive of contact sexual recidivism.  These include age at first offense (i.e the younger the offender, the higher risk), criminal history, failure of conditional release, lower education, being single, using non-internet child pornography, involvement with minors on-line, and indiscriminate sexual behavior involving adults (possibly indicative of intimacy deficits).

In closing, the probation department believes that successful supervision of a sex offender requires constant interaction between officer, therapist, and polygraph examiner.  It is this collaboration coupled with an offender's willingness to be honest in treatment that leads to rehabilitation and a successful term of supervision.  Over the years we have been able to effectively implement this belief.  The current issue plaguing sex offender treatment and supervision is the lack of "intensive" or "inpatient" therapy available to offenders with significant or recurring sexually deviant thoughts and behaviors.  The probation department continues to try and find programs available to assist this small population, but currently are only aware of the Bureau of Prisons residential sex offender treatment programs.

If Your Honor has any further questions, I am available to discuss sex offender supervision at anytime.


                                      RESPECTFULLY SUBMITTED:

                                      EILEEN KELLY
                                      CHIEF U.S. PROBATION OFFICER


PREPARED BY: _____

                Lawrence M. Andres, Jr.
                Supervisory U.S. Probation Officer
                718-804-2766


cc: The Honorable Raymond J. Dearie, Chief U.S. District Judge
    Eileen Kelly, Chief U.S. Probation Officer


                                      REFERENCES

English, K., Pullen, S., Jones, L., and Krauth, B. (1996). A Model Process: A Containment Approach. In K. English, S. Pullen and L. Jones (Eds.), Managing Adult Sex Offenders (pp. 2-10, 2-11). Lexington, KY: American Probation and Parole Association.

Eke, A., Seto, M., Williams, J., (in press). Assessing the Risk Posed by Child Pornography Offenders.