FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 0 5 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

C.R.,

Defendant.

MEMORANDUM AND ORDER

No. 09-CR-155

**JACK B. WEINSTEIN, Senior United States District Judge:**

Defendant, C.R., pled guilty to "distribution" of child pornography he obtained using a computer. *See* 18 U.S.C. § 2252(a)(2). Based on his allocution, C.R. was subject to a statutory minimum prison sentence of five years. *Id.* This court determined the statutory minimum five-year sentence of imprisonment was unconstitutional as applied to this defendant and this case. *See United States v. C.R.*, 792 F. Supp. 2d 343 (E.D.N.Y. 2011). A thirty-month sentence for intensive medical treatment in prison was imposed, to be followed by long term post-prison curative therapy and strict control for many years under supervised release by the court's probation service. *Id.*

The Court of Appeals for the Second Circuit ordered that defendant's prison term be increased to conform with the statutory minimum it held binding. *See United States v. Reingold*, No. 11-2826-cr (2d Cir. Sept. 13, 2013) (order reversing in part as to sentencing and remanding); *United States v. Reingold*, 731 F.3d 204 (2d Cir. 2013) (opinion of the court remanding for resentencing). The minimum sentence required by statute is sixty months. 18 U.S.C. § 2252(b)(1).

Probation calculated defendant's Guideline offense level at 35 with a criminal history category of I, yielding a sentence range of 168-210 months. *See* PSR at ¶¶ 28-39. The

1

government agreed with this determination. The calculation included a two-point enhancement because some of the viewed images involved minors under the age of twelve, a two-point increase because defendant distributed the material in the peer-to-peer Gigatribe network, a five-point addition for engaging in a pattern of sexual abuse with his half-sister, a two-point increase because the defendant used a computer to possess the child pornography, and a five-point addition for possessing more than six hundred images. *Id.* A three-point deduction was assessed for defendant's timely acceptance of responsibility. *Id.*

C.R. objected to the five point enhancement for engaging in a pattern of sexual abuse under 2G2.2(b)(5) on the ground that only one of the three admitted interactions with his half-sister was a qualifying episode of sexual abuse under 18 U.S.C. § 2246 and a pattern requires at least two qualifying incidents. The question of whether or not the two disputed incidents with defendant's half-sister amount to sexual abuse need not be reached. Two additional admitted episodes with minors other than defendant's half-sister qualify as incidents of sexual abuse, rending the five point enhancement appropriate.

Respectful consideration was given to the sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

Incorporated into this order are the decisions relied upon by the court in the original sentence. *See United States v. C.R.*, 792 F. Supp. 2d 343 (E.D.N.Y. 2011). The court weighed the nature and circumstances of the offense, the history and characteristics of the defendant, the need to reflect the seriousness of the offense and to promote respect for the law and just punishment, a need to afford general deterrence, a need to afford specific deterrence, a need to

protect the public from further crimes of the defendant, a need to provide the defendant with needed education and vocational training, medical care, and other correctional treatment, and a need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. *Id.*; 18 U.S.C. § 3553(a).

The thirty-month sentence already imposed was sufficient for full treatment and deterrence. Further general or specific deterrence is not required. The defendant presents a low risk for future violation of sex crime laws, whether passive or active. C.R.'s rule violations within prison show an immaturity, but no proclivity or risk of future violations. His bona fide participation in treatment programs and efforts to obtain work and continue his education while in prison and post-prison curative therapy suggest that C.R. is a dedicated young man who may overcome the serious obstacles of reentry into society despite the heavy burdens imposed by registration and limitations on employment and residency. *See* 42 U.S.C. §§ 16911, 16915(a)(1); § 16915(b); N.Y. Corr. Law § 168-h(1) (twenty years for lowest risk offender).

Imposed is a sixty-month sentence to be followed by five-years of supervised release. Based upon the controls that will be required by state and federal authorities after defendant completes his term of incarceration, the following special conditions of supervised release shall apply:

1. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.). He shall keep his registration current in New York and in each jurisdiction in which he resides, as directed by his Probation officers, the Bureau of Prisons, or any state sex offender registration agency in which he resides, works, or is a student. Defendant's attorneys and Probation officers shall inform him of his registration obligations in detail.

2. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance, including marijuana. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, unless Probation changes this drug treatment schedule.

3. Defendant shall not possess or access any pornography that depicts sexually explicit conduct,

3

whether of adults or children.

4. Probation shall supervise and authorize use by defendant of devices with internet access, but shall not unduly limit defendant's ability to obtain formal or informal education or work.

5. The defendant is not to use a computer, internet capable device, or similar electronic device to access pornography of any kind. This includes, but is not limited to, accessing pornographic websites, including websites depicting images of nude minors. The defendant shall not use his computer to view pornography stored on related computer media, such as CD's or DVD's, and shall not communicate via his computer with any individual or group who promotes the sexual abuse of children. The defendant shall also cooperate with the U.S. Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant shall inform all parties that access a monitored computer, or may be limited to possessing only one personal internet capable device, to facilitate Probation's ability to effectively monitor his internet related activities. The defendant shall also permit random examinations of said computer systems, internet capable devices, similar electronic devices, and related computer media, such as CD's, under his control.

6. Defendant shall not use any device that can access the internet, including but not limited to cellular telephones, computers, and tablet devices, to access child pornography or to communicate with other individuals or groups for the purpose of promoting sexual relations with children.

7. Probation is authorized to monitor and limit defendant's use of the internet in any devices that can access the internet, including but not limited to cellular telephones, computers, and tablet devices, and including but not limited to devices used in his residence, place of education, or place of employment. Probation is authorized to conduct unannounced inspections of the foregoing devices to which defendant has access. Supervision and control shall not unduly limit defendant's ability to participate in formal or informal educational activities or in his work.

8. Defendant shall avoid and is prohibited from being in any areas where children are likely to congregate, such as schools, daycare facilities, playgrounds, theme parks and arcades, unless prior approval has been obtained from Probation.

9. Defendant shall not have any direct physical contact with a person under the age of 18 without the permission of Probation, unless it is supervised by a person approved by Probation, or Probation modifies this condition.

10. Defendant shall not have any indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) without the permission of Probation, unless it is supervised by a person approved by the U.S. Probation Office, or Probation modifies this condition.

11. Defendant shall not date someone with minor children without the permission of Probation.

12. Defendant shall abstain from viewing magazines devoted primarily to children in swimsuits or modeling clothing.

13. Defendant is not to be alone with children or babysit children without the permission of Probation.

14. Defendant shall not knowingly associate with people who use drugs or violate the law.

15. Defendant shall abstain from discussing child pornography with any individual or group involved in promotion of child pornography, except in connection with treatment; this condition shall be construed so it does not interfere with defendant's First Amendment rights.

16. Probation is authorized to address third party risk issues with the defendant's employers where the employment may involve access to computers or interaction with persons under the age of 18 in the workplace; Probation shall consider the desirability of encouraging employment and not placing unnecessary burdens on defendant's employability.

17. Probation is authorized to address third party risk issues with any individual the defendant lives with where the living situation may involve access to computers.

18. Probation shall be notified of any children who may have contact with defendant as a result of his sharing a place of abode with another person.

19. The defendant shall participate in a mental health treatment program, which may include participation in a treatment program for sexual disorders, as approved by the Probation Department. The defendant shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay. As part of the treatment program for sexual disorders, the defendant shall participate in a polygraph examination(s) to obtain information found necessary by a medical professional for risk management and correctional treatment. Polygraph examinations shall be conducted for solely therapeutic purposes.

20. The defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the Probation Department. The defendant shall pay the costs of such treatment/detoxification to the degree he is reasonably able, and shall cooperate in securing any applicable third-party payment. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay. The defendant shall not consume any alcohol or other intoxicants, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol.

21. The defendant shall submit his person, residence, place of business, vehicle or any other premises under his control to a search on the basis that the Probation Officer has reasonable belief that contraband or evidence of a violation of the conditions of release may be found. The search must also be conducted in a reasonable manner and at a reasonable time; failure to submit to a search may be grounds for revocation and the defendant shall inform any other

resident that the premises may be subject to search pursuant to this condition.

22. The defendant shall not access any website that permits persons under eighteen years of age to be registered users for the purpose of establishing personal relationships with other users; allows minors to post profiles that provide information about themselves; or allows for direct or real time communication with other users without the permission of the Probation Department. The Probation Department shall give strong consideration to allowing defendant to join social networking sites, to allow better integration into society.

23. Probation has leave to seek permission to modify, add to, or eliminate these conditions as needed during the term of supervised release.

24. Probation shall encourage education and appropriate vocational and recreational activities of defendant.

The request of the government and the recommendation of the policy statement at U.S.S.G § 5D1.2(b) that the maximum *sentence* of lifetime supervised release be imposed is rejected as too severe, inhibitory of rehabilitation, and duplicative of state and possible future federal registration requirements, which are themselves severe, overlapping, and more extensive in general than the five-year term.

Five years of supervised release and a special assessment of $100 is imposed. No fine is assessed since defendant has no substantial monetary assets and is unlikely to have any in the foreseeable future. On January 3, 2014, after his completion of the present college semester, defendant shall voluntarily surrender to the institution he is designated to by the Bureau of Prisons. If not so designated by January 3, 2014, defendant shall surrender on the date on which he is designated. Defendant shall, in the interim, remain at the Bronx Community Re-entry Center, 2543 Creston Avenue, Bronx, New York 10468, under the conditions established by the foregoing facility. The U.S. Pretrial Services Agency shall remain in contact with the foregoing facility for purposes of supervision. The defendant shall pay Pretrial Services for the cost of residing at the Bronx Community Re-entry Center for the period beginning September 19, 2013 until January 3, 2014.

It is recommended that defendant be designated to the Federal Medical Center Devens, Bureau of Prisons facility, and that credit be given for time spent in post-prison curative therapy at the Bronx Community Re-entry Center.

SO ORDERED.

_____
Jack B. Weinstein
Senior United States District Judge

Dated: December 2, 2013
       Brooklyn, New York